**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2598
_____

HAI YE,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-939-047)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2012

Before: FUENTES, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: October 2, 2012)
_____

OPINION
_____

PER CURIAM

       Hai Ye seeks review of an order of the Board of Immigration Appeals ("BIA")

denying her motion to reopen her removal proceedings.  For the reasons that follow, we

will deny the petition for review.

Ye, a native and citizen of China, entered the United States in 2007 without inspection. The Department of Homeland Security subsequently issued Ye a notice to appear, charging her with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien not in possession of a valid entry document when applying for admission. Ye conceded her removability before the Immigration Judge ("IJ") and filed an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In her application, Ye claimed that she had fled China to escape a forced marriage. Following an administrative hearing, the IJ denied Ye's application for relief. The BIA dismissed Ye's administrative appeal in a January 2012 order. Ye did not file a petition for review of the BIA's decision.

Two months later, in March 2012, Ye filed with the BIA a motion to reopen. In that motion, Ye argued for the first time that she has practiced Falun Gong since 2010, and that she now fears persecution in China on that basis. Ye claimed that she was photographed at a Falun Gong parade in New York in February 2012, and that those pictures were sent to officials at the "Fuzhou City Lang Qi Economy District Lang Qi Town Yun Long Village Committee" in her hometown in China. According to Ye, the officials presented her father with the photographs and issued him a written notice demanding that he persuade Ye to return to China to answer for her Falun Gong participation, lest Chinese officials "further sentence her and sternly punish her." (Administrative Record ("A.R.") at 95.)

In support of her motion to reopen, Ye submitted: her own affidavit; the State Department's 2007 Country Profile on China; the purported notice from her village

committee -- which bore a stamped seal, but was not signed; an unsworn affidavit from her father attesting to the visit from the village cadres; and a notarized affidavit from her husband, who lives in the United States.

The BIA denied the motion to reopen, reasoning that the State Department report does not indicate that Chinese citizens who practice or support Falun Gong outside of China are punished upon their return, although Falun Gong is suppressed within China. The BIA further reasoned that the official notice from the village committee was not properly authenticated or signed by any official, and rejected Ye's explanation, taken from her father's letter, that such documents do not require a signature because they are public, not private instruments.[1] Moreover, the BIA discounted the weight given to the statements of Ye's husband and father because they were "apparently prepared for the purpose of litigation." Finally, the BIA reasoned that, even if the village committee notice were authentic, Ye did nothing to demonstrate that the organization issuing the document had any authority to actually punish her, or that the threatened punishment by that organization would rise to the level of persecution. Therefore, she did not show that she was prima facie eligible for asylum and related relief such that reopening her case was warranted. This petition for review followed.

We have jurisdiction under 8 U.S.C. § 1252 to review the BIA's denial of the motion to reopen. Where the BIA denies a motion to reopen for failure to establish a prima facie case, we will review the BIA's ultimate decision for abuse of discretion and

---

[1] The BIA also noted that the letter from Ye's father was not itself sufficiently authenticated because it was not notarized and was not accompanied by any evidence

3

its underlying findings of fact for substantial evidence. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). To make a prima facie showing, "the alien must produce objective evidence that, when considered together with the evidence of record, shows a reasonable likelihood that he is entitled to relief." Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir. 2010).

In her opening brief, Ye argues that the BIA erred by rejecting the letter from the Yun Long Village Committee and the affidavit from her father for lack of authentication. She also argues that the BIA erred in determining that, even assuming the truth of Ye's evidence, it was insufficient to demonstrate a likelihood that she would face harm rising to the level of persecution. We need not address whether the BIA erred in determining that Ye's letters had not been properly authenticated because we conclude that the BIA did not abuse its discretion in determining that, even assuming the letters' authenticity, Ye failed to establish a prima facie case that she is eligible for asylum based on her practice of Falun Gong.

In order to demonstrate eligibility for asylum based on a fear of future persecution, an applicant must demonstrate, inter alia, that she would be individually singled out for persecution, see Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005), a form of treatment that includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993).

regarding the identity of the declarant.

As an initial matter, the letter from the Yun Long Village Committee does not indicate that the committee has authority to punish Ye for her practice of Falun Gong. The 2007 State Department Profile that Ye submitted indicates that in Fujian Province, where Yun Long village is located, the village committee is normally "an autonomous society composed of villagers." (A.R. at 173). Thus, the letter from the village committee is insufficient to establish an objective fear of persecution. Further, even assuming that the local government has authority to punish Ye, Ye did not establish that the possible treatment she would face at the hands of these local authorities would likely amount to persecution. Assuming that the village officials would decide to follow through with their vague threat to "arrest[]" and "sternly punish" Ye, (A.R. at 95), there is no indication how long Ye would be detained or how stern her punishment would be at the hands of these local authorities. See Voci v. Gonzales, 409 F.3d 607, 614 (3d Cir. 2005) (explaining that persecution denotes "extreme conduct"); see also Kibinda v. Att'y Gen., 477 F.3d 113, 119-20 (3d Cir. 2007) (holding that maltreatment by prison guards over five-day period did not rise to level of persecution). Finally, we cannot conclude that the BIA erred in discounting the statements of Ye's family members as prepared for the purpose of litigation. Accordingly, without more, the record simply does not compel the conclusion that Ye established a prima facie case for reopening.

For the foregoing reasons, we hold that the BIA did not abuse its discretion in denying Ye's motion to reopen. We will therefore deny the petition for review.

5